UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

THE HINMAN COMPANY,

        Defendant.

_____/

Civil Case No. 1:18-cv-01140

HON. PAUL L. MALONEY
U.S. District Judge

HON. PHILLIP J. GREEN
U.S. Magistrate Judge

## AMENDED COMPLAINT FOR DAMAGES

The United States of America, for itself and on behalf of its agency, the Federal Aviation Administration (FAA), by and through its undersigned counsel, for its Amended Complaint against Defendant, The Hinman Company (Hinman), alleges as follows:

### I.  INTRODUCTION

This action is brought by the United States of America to recover civil penalties from Hinman under 49 U.S.C. § 46301(a).

### II.  JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under 49 U.S.C. §§ 46301(d)(4), 46305; and 28 U.S.C. § 1345.

2. This Court has personal jurisdiction over the Defendant and venue is proper in this district under 49 U.S.C. § 46106 and 28 U.S.C. §§ 1391(b), 1395, because the Defendant can be found in, resides in, has transacted business in, and/or a substantial part of the events or omissions giving rise to this claim occurred in the Western District of Michigan.

### III.    DEFENDANT'S CONDUCT AND VIOLATIONS

<u>Defendant's Timeshare Agreements</u>

3.    At all relevant times, Hinman's wholly owned subsidiary, HincoJet, LLC, owned a Raytheon Aircraft Company Beechjet 400A, registered as N580RK, and a Hawker 900XP, registered as N580RJ.

4.    At all relevant times, Hinman did not hold a certificate issued under 14 C.F.R. part 119 (part 119) and operations specifications appropriate to operate under 14 C.F.R. part 135 (part 135).

5.    On or about August 11, 2009, Hinman entered into an Aircraft Timeshare Agreement with Harold Zeigler Auto Group (Zeigler) (timesharee) for the use of N580RK.

6.    On or about March 24, 2010, Hinman entered into an Aircraft Timeshare Agreement with Zeigler (timesharee) for the use of N580RJ.

7.    On or about August 4, 2011, Hinman entered into an Aircraft Timeshare Agreement with the Gregory Jennings, Jr. and Nicole Jennings Revocable Trust (Jennings Trust) (timesharee) for the use of N580RK.

8.    On or about August 4, 2011, Hinman entered into an Aircraft Timeshare Agreement with the Gregory Jennings, Jr. and Nicole Jennings Revocable Trust (timesharee) for the use of N580RJ.

9.    On or about November 1, 2013, Hinman entered into an Aircraft Timeshare Agreement with Angel Wings, LLC (Angel Wings) (timesharee) for the use of N580RK.

10. On or about November 1, 2013 Hinman entered into an Aircraft Timeshare Agreement with Angel Wings (timesharee) for the use of N580RJ.

11. Each of the Aircraft Timeshare Agreements described in paragraphs 5-10 states that Hinman would provide the aircraft and the crew.

12. Each of the Aircraft Timeshare Agreements described in paragraphs 5-10 provides that Hinman shall "provide the aircraft to the TIMESHAREE on a time sharing basis in accordance with the provisions of sections 91.501(b)(6), 91.501(c)(1) and 91.501(d) of the [Federal Aviation Regulations] FARs for the period commencing upon execution of this Agreement and continuing until terminated. . . ."

13. Each of the Aircraft Timeshare Agreements described in paragraphs 5-10 provides that Hinman shall bill the timesharee an amount equal to the sum of expenses of operating the flight to the extent prescribed by 14 C.F.R. § 91.501(d), and itemized those expenses as including:

    (a) Fuel, oil, lubricants and other additives;

    (b) Travel expenses of the crew, including food, lodging and ground transportation;

    (c) Hangar and tie-down costs away from the Aircraft's base of operation;

    (d) Insurance obtained for the specific flight;

    (e) Landing fees, airport taxes, and similar assessments;

    (f) Customs, foreign permit, and similar fees directly related to the flight;

    (g) In flight food and beverages;

    (h) Passenger ground transportation;

    (i) Flight planning and weather contract services; and

  (j)  An additional charge equal to the one-hundred percent (100%) of the expenses listed in subparagraph (a) above.

14.  Each of the Aircraft Timeshare Agreements described in paragraphs 5-10 provides that Hinman shall provide the timesharee an invoice for the charges specified and that "[a]ll such invoices shall separately itemize the expenses in items (a) through (j) for each flight included in the invoice."

Defendant's Timeshare Invoices Exceeded Permissible Costs

15.  Between October 4, 2013, and January 20, 2017, Hinman sent the timesharees invoices for a total of approximately 812 flights.

16.  Each of the invoices Hinman sent between October 4, 2013, and December 23, 2016, to the timesharees pursuant to the timeshare agreement included a charge for "fuel x's 2".

17.  Each of the invoices Hinman sent between October 4, 2013, and December 23, 2016, to the timesharees pursuant to the timeshare agreement included a charge for a maintenance service plan ("MSP").

18.  MSP charges are not authorized under 14 C.F.R. § 91.501(d)(1)-(9).

19.  Hinman charged for more than the amount permitted by 14 C.F.R. § 91.501(d) when it charged for double the fuel, oil, lubricants, and other additives and the MSP.

20.  Hinman charged Zeigler for de-icing or anti-icing for flights conducted under the timeshare agreement on January 27, 2014, March 12-16, 2014, and April 14-15, 2014.

21.  Hinman charged Angel Wings for de-icing or anti-icing for flights conducted under the timeshare agreement on January 29, 2014 and January 31, 2014.

22.     De-icing and anti-icing charges are not authorized under 14 C.F.R. § 91.501(d)(1)-(9).

23.     Hinman charged more than the amount permitted under 14 C.F.R. § 91.501(d) when it charged for the MSP and de-icing or anti-icing while charging double the fuel, oil, lubricants, and other additives.

24.     Between January 2, 2017, and March 1, 2017, Hinman sent Zeigler invoices for approximately 25 flight legs.

25.     Hinman transported individuals on the approximately 812 flights described above for profit.

26.     Hinman conducted the approximately 812 flights described above when each was governed by part 135.

27.     Hinman conducted the approximately 812 flight operations under part 135 when it did not have:

       a.      a certificate issued under part 119;

       b.      operations specifications appropriate to conduct operations under part 135;

       c.      an accepted current manual containing its policies and procedures; and

       d.      the appropriate economic authority from the Department of Transportation.

28.     Hinman conducted the approximately 812 flights referenced above under part 135 when it did not:

5

      a.      keep an individual record of each pilot used in its operations conducted under part 135; and

      b.      list in its manual the name and title of each person authorized to exercise operational control of its aircraft.

29.    Hinman conducted the 812 flights referenced above under part 135 when:

      a.      the flights were operated by a pilot who had not passed a written or oral test given by the Administrator or authorized check pilot on that pilot's knowledge within the twelve months preceding each flight under 14 C.F.R. § 135.293;

      b.      the pilot in command operated under Instrument Flight Rules (IFR) and, since the beginning of the 6th calendar month before that service, that pilot had not passed an instrument proficiency check as required under 14 C.F.R. § 135.297(a);

      c.      the pilot in command had not passed a flight check in the type of aircraft the pilot was to fly since the beginning of the 12th calendar month before that service as required under 14 C.F.R. § 135.299;

      d.      it did not have a training program approved by the FAA that ensured that each crewmember was adequately trained to perform his or her assigned duties; and

      e.      the pilot-in-command had not completed the appropriate initial or recurrent training phase of an approved training program since the beginning of the 12th calendar month before that service.

## IV. FEDERAL AVIATION REGULATIONS VIOLATED

30. By reason of the foregoing, Hinman failed to comply with the following Federal Aviation Regulations:

    a. 14 C.F.R. § 119.5(g), which states that no person may operate as a direct air carrier or as a commercial operator without, or in violation of, an appropriate certificate and appropriate operations specifications.

    b. 14 C.F.R. § 119.5(i), which states that no person may operate as a direct air carrier without holding appropriate economic authority from the Department of Transportation.

    c. 14 C.F.R. § 135.21(a), which states that each certificate holder, other than one who uses only one pilot in the certificate holder's operations, shall prepare and keep current a manual setting forth the certificate holder's procedures and policies acceptable to the Administrator.

    d. 14 C.F.R. § 135.63(a)(4), which states each certificate holder shall keep at its principal business office or at other places approved by the Administrator, and shall make available for inspection by the Administrator an individual record of each pilot used in operations under this part.

    e. 14 C.F.R. § 135.77, which states that each certificate holder is responsible for operational control and shall list, in the manual required by §135.21, the name and title of each person authorized by it to exercise operational control.

    f. 14 C.F.R. § 135.293(a), which states that no certificate holder may use a pilot, nor may any person serve as a pilot, unless, since the beginning of the 12th calendar month before that service, that pilot has passed a written or oral test, given by the

Administrator or an authorized check pilot, on that pilot's knowledge in the areas set forth by that section.

  g.  14 C.F.R. § 135.297(a), which states that no certificate holder may use a pilot, nor may any person serve, as a pilot in command of an aircraft under IFR unless, since the beginning of the 6th calendar month before that service, that pilot has passed an instrument proficiency check under this section administered by the Administrator or an authorized check pilot.

  h.  14 C.F.R. § 135.299, which states that no certificate holder may use a pilot, nor may any person serve, as a pilot in command of a flight unless, since the beginning of the 12th calendar month before that service, that pilot has passed a flight check in one of the types of aircraft which that pilot is to fly.

  i.  14 C.F.R. § 135.323(a), which states that each certificate holder required to have a training program under § 135.341 shall establish and implement a training program that satisfies the requirements of this subpart and that ensures that each crewmember, aircraft dispatcher, flight instructor and check airman is adequately trained to perform his or her assigned duties. Prior to implementation, the certificate holder must obtain initial and final FAA approval of the training program.

  j.  14 C.F.R. § 135.343, which states that no certificate holder may use a person, nor may any person serve, as a crewmember in operations under this part unless that crewmember has completed the appropriate initial or recurrent training phase of the training program appropriate to the type of operation in which the crewmember is to serve since the beginning of the 12th calendar month before that service.

31.     Under 49 U.S.C. § 46301(a)(5)(A), Hinman is subject to a civil penalty not to exceed $11,000 for each violation of the Federal Aviation Regulations.

WHEREFORE, Plaintiff demands judgment against Defendant The Hinman Company, together with costs and interest from the date of entry of judgment.

                                          Respectfully submitted,

                                          ANDREW BYERLY BIRGE
                                          United States Attorney

Dated:   December 20, 2018              /s/ *Carolyn A. Almassian*
                                          CAROLYN A. ALMASSIAN
                                          ANDREW J. HULL
                                          Assistant United States Attorneys
                                          Post Office Box 208
                                          Grand Rapids, MI 49501-0208
                                          (616) 456-2404
                                          Carolyn.Almassian@usdoj.gov

Of Counsel:

LAUREN WAXLER
Attorney
Federal Aviation Administration
Great Lakes Region
2300 E Devon Ave., Room 479
Des Plaines, IL 60018
(847) 294-7165